# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**MELANIE MULLINS**  **PETITIONER**
ADC #720573

V.　　　　　　　　　　No. 3:25-cv-278-DPM-ERE

**NURZUHAL FAUST, Warden**　　　　　　　　　**RESPONDENT**

## ORDER

On December 15, 2025, Melanie Mullins, an inmate at the McPherson Unit of the Arkansas Division of Correction ("ADC"), filed a *pro se* Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, and a motion for extension of time to file an amended petition. *Docs. 2, 3*. Ms. Mullins also filed a motion to proceed *in forma pauperis* ("*IFP*") (*Doc. 1*), which shows that she has sufficient funds to pay the $5.00 filing fee.[1]

IT IS THEREFORE ORDERED that:

1. Ms. Mullins' motion to proceed *IFP* (*Doc. 1*) is DENIED.

2. If Ms. Mullins wishes to continue with this habeas action, she must, **on or before Monday, January 26, 2026** pay the $5.00 filing fee, in full.[2] If Ms. Mullins

---

[1] *See* Rule 3(a), Rules Governing § 2254 Cases in United States District Courts (providing that a habeas petition "must be accompanied" by the applicable filing fee or "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petition has in any account in the institution").

[2] Ms. Mullins' payment must clearly indicate that it is for the filing fee in this case: *Mullins v. Payne*, No. 3:25-cv-278-DPM-ERE (E.D. Ark.).

fails to timely and properly comply with this Order, this habeas action may be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).[3]

3.      The motion for extension of time to amend (*Doc. 3*) is DENIED without prejudice. Ms. Mullins has until **January 26, 2026** to supplement or amend her petition, if she so chooses.

4.      The Clerk of the Court is directed to change Respondent to "Dexter Payne, Director, Arkansas Division of Correction."[4]

5.      At this time, service of the petition is not appropriate.

Dated 29 December 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Rule 5.5(c)(2) of the Local Rules of the United States District Court for the Eastern of Arkansas, provides:
> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.* Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

(emphasis added). *See also* Fed. R. Civ. P. 41(b) (a district court may dismiss case for failure to prosecute or comply with court orders); § 2254 Rule 12 (applicability of Federal Rules of Civil Procedure in habeas proceedings).

[4] Ms. Mullins names Warden Nurzuhal Faust as Respondent. Because Ms. Mullins is in the custody of the ADC the correct Respondent is Dexter Payne, Director, Arkansas Division of Correction. *See* 28 U.S.C. § 2242 (habeas petition must name "the person who has custody over [the petitioner] and by virtue of what claim or authority").