# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**MELANIE MULLINS**                                    **PETITIONER**
**ADC #720573**

**V.**                         **No. 3:25-cv-278-DPM-ERE**

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                    **RESPONDENT**

## <u>RECOMMENDED DISPOSITION</u>

This Recommended Disposition ("RD") has been sent to United States District Judge D.P. Marshall Jr. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

## I.      Summary

Melanie Mullins, an inmate at the McPherson Unit of the Arkansas Division of Correction, has filed a petition (*Doc. 2*) and amended petition (*Doc. 5*) for writ of habeas corpus pursuant 28 U.S.C. § 2254. The petitions should be dismissed with prejudice because each claim presented is procedurally defaulted and no factual or legal basis exists to excuse the default, based on either cause and prejudice or actual innocence.

## II.    Background

On January 7, 2025, in the Circuit Court of Independence County, Arkansas, Ms. Mullins entered an unconditional guilty plea to first-degree murder. *Doc. 10-1, 10-2*. In a judgment entered the same day, she was sentenced to thirty-five years in prison. *Doc. 10-4*.

Ms. Mullins had ninety days from entry of the judgment, until April 7, 2025, to file a petition for postconviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure. *See* Ark. R. Civ. P. 37.2(c)(i) ("If a conviction was obtained on a plea of guilty . . . a petition . . . must be filed in the appropriate circuit court within ninety (90) days of the date of entry of judgment."); *Ford v. State*, 2021 Ark. 112, 4 (2021) (reaffirming that any claim challenging a post-plea sentence, which goes beyond the face of the sentencing order, must be raised under Rule 37.2(c)(1) and pursued within ninety days from the date the judgment was entered).

Ms. Mullins did not file a Rule 37 petition, and, contrary to her petition allegations, there is no evidence that she has ever filed a state habeas petition.[1]

---

[1] In her initial petition, Ms. Mullins alleges that she filed a state habeas petition in Jackson County, Arkansas, which she claims is still pending. She explains: "Due to time bar per AEDPA, am now bringing this petition to the district court." *Doc. 2 at 12*. Ms. Mullins does not provide a copy of the state habeas petition she claims to have filed, nor does she provide a related case number or any documentation of the alleged filing. In addition, as Respondent correctly reports, a search of Arkansas case records available online reveals no evidence that Ms. Mullins has ever filed a state habeas petition. *See* Arkansas Administrative Office of the Courts Public Court Connect, https://www.arcourts.gov (searched "Melanie Mullins" for state habeas petitions cases on May 8, 2026 with no results found).

On December 11, 2025, Ms. Mullins initiated this federal habeas action,[2] asserting three grounds for relief: (1) her trial counsel rendered ineffective assistance in several respects;[3] (2) she gave an incriminating and involuntary custodial statement; and (3) her guilty plea was involuntary.

On March 4, 2026, Respondent filed a response, asserting that habeas relief should be denied because Ms. Mullins' claims are: (1) procedurally defaulted; (2) without merit; and (3) waived by reason of her guilty plea.[4]

Ms. Mullins had until April 2, 2026 to file a reply and did not do so. *Doc. 11.*

---

[2] The Clerk received Ms. Mullins' initial petition on December 15, 2025, and entered it on the docket that day. However, with the benefit of the "prison mailbox rule," her petition is deemed filed on the date she placed it in the prison mail system: December 11, 2025. *Doc. 2 at 15* (certifying that the petition was placed in the prison mailing system on 11 December 2025); *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999) (stating that for purposes of § 2244(d)(1), a *pro se* prisoner's habeas petition is filed on the date it is delivered to prison authorities for mailing).

[3] Ms. Mullins alleges that her trial attorney: (1) failed to pursue defenses based on battered women's syndrome, self-defense, PTSD, seizure disorder, and schizophrenia; (2) failed to communicate with her from August 2023 to May 2024; (3) misinformed her about her right to a jury trial and right to present witnesses; (4) prevented her from reviewing case information, making it impossible for her to assist in her own defense; (5) failed to move for a change of venue; (6) failed to present mitigating evidence at sentencing; (7) misinformed her about the consequences of pleading guilty; and (8) failed to pursue a motion to suppress her in-custody statement to officers.

[4] Because each of Ms. Mullins' claims is procedurally defaulted, with no basis for excusing the default, it is not necessary to address Respondent's additional arguments for dismissal.

3

## III.    Discussion

### A.    Each of Ms. Mullins' Federal Habeas Claims Is Procedurally Defaulted

Federal habeas relief is available to state prisoners only after they have "exhausted the remedies available" in state court. 28 U.S.C. §§ 2254(b)(1), (c). Before presenting claims to a federal habeas court, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

When a petitioner has failed to fully exhaust a federal claim in state court and no state remedies remain available, the claim is technically exhausted but procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A petitioner can obtain federal habeas review of a procedurally defaulted claim only if he can demonstrate: (1) cause for the default and actual prejudice resulting from the alleged violation of federal law;[5] or (2) that the failure to consider the claim will

---

[5] Cause for procedural default must be an external impediment that prevented the petitioner from complying with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488, (1986). To demonstrate prejudice, a petitioner must show "not merely that the errors at trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions . . . [such that he] was denied fundamental fairness at trial." *Id.* at 494 (cleaned up).

result in a fundamental miscarriage of justice, such as the conviction of one who is actually innocent.[6] *Id.* at 750.

To exhaust her state court remedies, Ms. Mullins was required to raise her ineffective assistance of trial counsel claims in a timely petition pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. *Nelson v. State*, 2014 Ark. 91, 6 (2014) (holding that an ineffective assistance of counsel claim couched in terms of a coerced guilty plea must be pursued in a timely Rule 37 petition). Her failure to file a timely Rule 37 petition renders her ineffective assistance claims procedurally defaulted, and a state remedy is no longer available.

To exhaust the claim that her in-custody confession was involuntary, coerced, and obtained in violation of her due process rights, Ms. Mullins was required to raise the claim in a pretrial motion to suppress. Had the motion been denied, Ms. Mullins could have preserved her right to raise the claim on appeal by entering a conditional guilty plea pursuant to Rule 24.3 of the Arkansas Rules of Criminal Procedure.[7]

---

[6] The Eighth Circuit has instructed that a gateway actual innocence claim must satisfy a two-part test: "First, the petitioner's allegations of constitutional error must be supported with new reliable evidence not available at trial." *Amrine v. Bowersox*, 238 F.3d 1023, 1029 (8th Cir. 2001) (citing *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)). "The evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence." *Amrine v. Bowersox*, 128 F.3d 1222, 1230 (8th Cir. 1997). "Second, the petitioner must establish 'that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Armine*, 238 F.3d at 1023 (quoting *Schlup*, 513 U.S. at 327)).

[7] Arkansas Rule of Criminal Procedure 24.3 provides that a criminal defendant may appeal from a conditional plea based on the denial of a suppression motion. *Hewitt v. State*, 362 Ark. 369,

However, Ms. Mullins did not pursue her state remedies, and her claim is now procedurally defaulted and waived by virtue of her unconditional guilty plea.

Finally, Ms. Mullins' claim that her guilty plea was coerced due to an "unstable" medication regimen, deprivation of restroom facilities, and promises that she would see her family (*Doc. 5-1 at 8*), but Arkansas law requires that any challenge to the validity of a guilty plea be raised in a timely Rule 37 petition. *Graham v. State*, 358 Ark. 296 (2004) (noting that any challenge to a guilty plea is properly raised under Ark. R. Crim. P. 37); see also *Taylor v. State*, 324 Ark. 532, 533 (1996) (noting that claim for postconviction relief by defendant who pleaded guilty should have been brought pursuant to Ark. R. Crim 37 and that "Rule 37.2(b) provides . . . that all grounds for postconviction relief . . . must be raised in a petition under Rule 37"). Ms. Mullins failed to challenge the validity of her guilty plea via Rule 37, and her involuntary plea claim is now procedurally defaulted.

### B.    Ms. Mullins Fails to Establish an Exception That Excuses Her Procedural Default

In her initial petition, Ms. Mullins repeatedly states that she exhausted her state remedies "due to guilty plea." *Doc. 2 at 5, 7, 9.* But she provides no facts or rational argument to support findings of cause and prejudice to excuse her procedural

---

370–71 (2005); Ark. R. App. P. Crim. 1(a) ("Except as provided by [Ark. R. Cr. P. 24.3(b) for conditional guilty pleas,] there shall be no appeal from a plea of guilty or nolo contendere.").

default.[8] Nor does she argue that her actual innocence acts as a gateway permitting consideration of her procedurally defaulted claims, and she provides no new, reliable evidence of actual innocence to justify a merits review of any of her defaulted claims.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED that:

1. Petitioner Melanie Mullins' § 2254 petition (*Doc. 2*) and amended petition (*Doc. 5-1*) for a writ of habeas corpus be DISMISSED with prejudice as procedurally defaulted.

2. A Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.[9]

Dated 8 May 2026.

_____
UNITED STATES MAGISTRATE JUDGE

---

[8] Ms. Mullins understandably does not invoke *Martinez v. Ryan*, 566 U.S. 1 (2012), which holds that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez,* 566 U.S. at 17. The *Martinez* exception is narrow and not available to a petitioner like Ms. Mullins who never sought state postconviction relief in state court. See, e.g., *Jones v. Pa. Bd. of Prob. & Parole*, 492 F. App'x 242 (3d Cir. 2012); *Uptegrove v. Villmer*, No. 12-0456-CV-W, 2012 WL 3637707 (W.D. Mo. Aug. 22, 2012); *Bland v. Hobbs*, No. 5:11-CV-00286, 2012 WL 2389904 (E.D. Ark. June 12, 2012).

[9] A certificate of appealability should be denied because Ms. Mullins has not shown that reasonable jurists could debate whether his claims should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003).